*C. H. Gross* and *Thos. F. Barger*, Esqs., for plaintiff ; *E. Spencer Miller*, Esq, for defendant.

---

# In the Orphans' Court of Philadelphia.

### ESTATE OF ELIZABETH BENTLEY, DECEASED.

After twenty years it is the presumption that an administrator's account is duly settled, and the burden of proof is on the complainant to overthrow this presumption.

Opinion delivered December 20, 1873, by

PAXSON, J. This was a citation upon Ann Catharine Bentley and David B. Bentley, executors of the last will and testament of David Bentley, deceased, who was the executor of Elizabeth Bentley, deceased, to show cause why they should not file in the proper office of the account of David Bentley, as executor of Elizabeth Bentley.

The said Elizabeth Bentley died in the year 1836, and letters testamentary were granted upon her estate in the same year to the above-named David Bentley. The latter died in the year 1857, and letters testamentary upon his estate were granted to the above-named respondents.

It was further alleged that no settlement or account of the estate of Elizabeth Bentley, deceased, had ever been filed by the said David Bentley in his lifetime, or by his executors since his death.

The respondents answer, alleging that the estate of said Elizabeth Bentley has been fully administered, and denying that they have any assets in their hands, as executors of David Bentley, belonging to the estate of Elizabeth Bentley. They further claim the benefit of the presumption of settlement raised by the lapse of time, and deny their liability to account.

Depositions were taken on the part of the petitioner to rebut this presumption. The testimony adduced, however, is of a vague and unsatisfactory character. It is open to the further and more serious objection that the admissions relied upon do not come down to a later period than 1844. From that date to the present time no admissions by the said David Bentley, nor by his executors since his death, has been proved of any assets unadministered in his hands belonging to the estate of Elizabeth Bentley, deceased.

Under these circumstances, are the respondents liable to account? The general rule in regard to presumptions is briefly stated in Foulk v. Brown, 2 Watts 209 : "After a lapse of twenty years, all evidences of debt excepted out of the statute of limitations are presumed to be paid. Within the twenty years the onus of proving payment lies on the defendant ; after that time it lies on the plaintiff to show the contrary." The liability of executors to account after twenty years was fully considered in the case of William Brown's Estate, 8 Phila. R. 197 ; the judgment in which case has since been affirmed by the Supreme Court. It was there held : "If an executor or administrator be cited to account more than twenty-one years from the grant of letters testamentary, or of administration, he may reply to the citation that twenty years having elapsed since he might have been called upon to account, the law presumes that he settled an account within one year, and distributed the estate among those entitled thereto. By the law of this State, an executor is entitled to one year to settle his account ; during that period he cannot be cited unless for misconduct, and it would seem that the presumption would commence to run from the expiration of the year, or the time when he might have been called upon for an account. But it is only a presumption, liable to be rebutted by proof that in point of fact no account has been filed and no distribution made, and when overthrown by such evidence, the liability to account remains in full force. In this, it is unlike the statute of limitations, which interposes a flat bar to a recovery after the statutory period. The practical effect of the presumption is to shift the burden of proof."

After twenty years, the presumption gathers strength with every succeeding year, and requires a corresponding increase in the weight of the evidence to overthrow it, until by lapse of time that which was originally a presumption of law *and* fact, liable to be rebutted, becomes a presump-

tion of mere law, and is conclusive.  For the time must come in every human transaction when litigation shall end, otherwise there would be neither peace in this world for the living, nor safety for the estates of the dead.  It is now thirty-six years since the executor of Elizabeth Bentley might have been called upon for an account.  The Orphans' Court, in the exercise of its equity powers, ought not to be "swift to hear" the stale complaint of a litigant who has slept upon her rights for this long period, and who comes into court only when he who might have answered her allegations has been in his grave for sixteen years.  His books and vouchers may be lost or destroyed ; some of his witnesses may be dead, while the facts may have faded from the recollection of such of them as may be living.  It would be a hardship to compel an account under such circumstances ; it might do serious injustice.

The burden of proof to overthrow the presumption is on the complainant ; she has not succeeded, and her petition must be dismissed.

*S. N. Rich*, Esq., for petitioner ; *Thos. Greenbank*, Esq , for respondent.